Salazar Hernandez ALEJANDRO,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–72421.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

Salazar Hernandez Alejandro, pro se.

Vanessa Lefort, James Arthur Hunolt, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

The court vacates its September 9, 2008 order. Petitioner's motion to reinstate the petition for review is granted.

Petitioner's motion to proceed in forma pauperis is granted.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioner's motion to reopen removal proceedings.

■ We lack jurisdiction to review the agency's hardship determination. Accordingly, respondent's motion to dismiss in part this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the BIA's denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).

■ We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008). Petitioner failed to submit evidence to support his allegation that one of United States citizen children and his lawful permanent resident mother are suffering from post-traumatic stress syndrome. Therefore, the BIA did not abuse its discretion when it concluded that reopening removal proceedings was not warranted. *See id.;* 8 C.F.R. § 1003.2(c)(1). Accordingly, respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**